Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8882 | **DATE** | 4/25/2003 |
| **CASE TITLE** | LINDA TAILLON vs. KOHLER RENTAL POWER, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff Linda Taillon's motion for an order authorizing notice to similarly situated persons pursuant to 29 U.S.C. 216(b) is granted. Defendant is ordered to (1) submit, within fourteen days of the date of this memorandum opinion and order, the names and addresses of all potential class members and (2) refrain frim any and all forms of communication with current and prospective class members concerning the merits and issues of their FLSA claims. Counsel for plaintiff is ordered to amend plaintiff's proposed notice to conform to the class that has been defined in this Memorandum, which shall be sent to all potential class members. Defendant's motion to strike portions of plaintiff's declaration is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. | | copy | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 APR 28 AM 10:40 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA TAILLON, on behalf of herself and all other Plaintiffs similarly situated known and unknown, ) ) ) ) Plaintiff, ) ) v. ) ) KOHLER RENTAL POWER, INC., a wholly owned subsidiary of KOHLER COMPANY, ) ) ) ) Defendant. ) | Case No. 02 C 8882<br><br>Honorable John W. Darrah |

DOCKETED
APR 2 9 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Linda Taillon ("Plaintiff"), filed a four-count complaint against Defendant, Kohler Rental Power, Inc. ("Defendant"), alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I); the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and the Portal to Portal Act, 29 U.S.C. § 251 *et seq.* (Count II); the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4a (Count III); and to collect unpaid wages pursuant to the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115 Ill. Comp. Stat. 115/1 *et seq.* (Count IV). Plaintiff has filed a Motion for an Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b).

For the reasons that follow, Plaintiff's motion is granted.

The requirements for a class or collective action under the FLSA are governed by 29 U.S.C. § 216(b). Section 216(b) provides:

> An action to recover the liability prescribed in [section 206, 207 or 215(a)(3) of title 29] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Under § 216(b), class actions under the FLSA can only be maintained when and if potential claimants opt in. *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 441 (N.D. Ill. 1982). In contrast, class actions under Rule 23 bind all members of the class unless they opt out. This difference between Rule 23 and § 216(b) means that Rule 23's class certification requirements do not apply to FLSA class actions. *King v. General Elec. Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982).

Rather, under the FLSA, the representative need only show that the plaintiffs are similarly situated. 29 U.S.C. § 216(b). However, the FLSA and its regulations do not define similarly situated. A named plaintiff can show that the potential claimants are similarly situated "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) (citations omitted).

District courts have the power to authorize notice of the action to potential plaintiffs. *Woods*, 686 F.2d at 580.

Defendant opposes notifying potential plaintiffs for the following reasons: (1) Plaintiff's

-2-

position of Project Manager II is exempt under the FLSA, (2) Plaintiff's declaration in support of her motion contains inadmissible facts which are not based on her personal knowledge, (3) the complaint alleges no facts which establish that a FLSA violation occurred, (4) Plaintiff has failed to show that any member of the purported plaintiff class has any interest in this action, and (5) the proposed notice is defective.

Defendant argues that the Project Manager II position is exempt under the FLSA. In support of this argument, Defendant has attached the affidavit of Richard C. Homiston ("Homiston"), Defendant's Director of Human Resources.

According to the Affidavit of Richard C. Homiston, Defendant's Director of Human Resources[1], a Project Manager II's "primary job duties consist of non-manual work that is directly related to [Defendant's] general business operation," selling Defendant's Event Services, directing event projects from start to finish, assisting Defendant's regional and branch managers with planning and forecasting, assisting customers, assuring that customers have trained staff to maintain equipment and manage the business, and advising Defendant of its fleet positioning. (Homiston Aff. ¶ 6.) A Project Manager II must exercise discretion and independent judgment. (*Id.* ¶ 8.) However, a Project Manager II does not formulate management policies or participate in every aspect of Defendant's business as a whole. (*Id.*) Project Manager II is an "exempt" position, and employees occupying this position are paid on a salaried basis. (*Id.* ¶ 11.)

Defendant has not identified a specific provision of the FLSA that would exempt Plaintiff's position from the maximum hour provisions of the FLSA. Rather, Defendant relies solely on the

---

[1] A copy of the position description for the Project Manager II position was purportedly attached as Exhibit A to the Homiston Affidavit. However, there is no Exhibit A to the Homiston Affidavit.

conclusion that its internal classification of the Project Manager II position is "exempt". This is an insufficient basis to determine that the Project Manager II position is "exempt" under the FLSA. Defendant will not be prejudiced if it is determined that the Project Manager II position is "exempt" after notice has been sent to potential plaintiffs. *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) ("[E]ven if plaintiffs' claims turn out to be meritless . . . notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case.").

Defendant next argues that notice under § 216(b) is improper because the complaint does not allege a FLSA violation and that Plaintiff's declaration is deficient because it contains inadmissible facts[2]. Specifically, Defendant argues that the allegations in the complaint do not meet the requirements for issuing notice to potential class members.

The complaint alleges that, throughout Plaintiff's tenure with Defendant, she worked in excess of forty hours per week and was not paid time-and-a-half for the hours worked in excess of forty hours per week. (Compl. ¶¶ 21, 22.) The complaint also alleges that Defendant employed others who performed the same job duties and responsibilities as Plaintiff and who were not paid time-and-a-half for hours worked in excess of forty hours per week. (*Id.* ¶ 23.) The complaint further alleges that "it is . . . Defendant's policy and practice [not] to pay overtime wages to employees employed in the job position of 'Account Executive' . . . ." (*Id.* ¶ 24.)

These allegations are sufficient to allege a FLSA violation and meet the requirements for notice under § 216(b). The complaint alleges that it was Defendant's policy and practice not to pay

---

[2]Defendant has filed a separate motion to strike portions of Plaintiff's declaration. For the reasons stated herein, this motion is denied.

-4-

time-and-half to employees in Plaintiff's position. Furthermore, the Homiston Affidavit actually supports the allegations in the complaint. Homiston asserts that it was Defendant's practice and policy not to pay overtime to Project Manager IIs but to pay them on a salaried basis because Defendant has classified such employees as "exempt" under the FLSA. (Homiston Aff. ¶ 11.) However, if such employees are not "exempt" under the FLSA, then a FLSA violation has occurred, and a class of employees who were wrongly denied overtime compensation exists. Also, it is curious that the affidavit submitted by Defendant's Director of Human Resources does not assert that all persons employed in Plaintiff's position of Project Manager II are in fact not similarly situated as Plaintiff. The Declaration filed by Plaintiff in this regard is reasonable based on firsthand knowledge in material part and is, therefore, unrebutted.

Defendant also argues that notice should not be sent to potential class members because Plaintiff has not shown that there are other similarly situated individuals who were denied overtime compensation in violation of the FLSA but who also wish to opt-in to the instant case. Defendant cites several cases in which named plaintiffs provided affidavits from potential class members before notice was authorized. *See Belbis v. County of Cook*, No. 01 C 6119, 2002 WL 31600048 (N.D. Ill. Nov. 13, 2002); *Vazquez v. Tri-State Mgmt. Co., Inc.*, 2002 WL 58718 (N.D. Ill. Jan. 10, 2002); *Morisky v. Public Serv. Elect. & Gas Co.*, 111 F. Supp. 2d 493 (D.N.J. 2000); *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d at 306; *Allen v. Marshall Field & Co.*, 93 F.R.D. 438 (N.D. Ill. 1982).

However, those cases did not establish an independent requirement of proof of desire to join in the action for authorization of notice under §216(b). Rather, in those cases, the affidavits of potential class members were used to determine whether the named plaintiff and potential class members were similarly situated under § 216(b), *see Belbis*, 2002 WL 31600048, at *5; *Vazquez*,

2002 WL 58718, at *3; *Realite*, 7 F. Supp. 2d at 306-7; whether the numerosity requirement for class certification under Federal Rule of Civil Procedure 23 had been met, *Morisky*, 111 F. Supp. 2d at 497 n.6; and to determine that judicial economy would be served by notifying potential class members where other actions were about to be filed. *See Allen*, 93 F.R.D. at 443.

Plaintiff has adequately alleged and Defendant has conceded that Defendant has a common plan of not paying overtime wages to Project Manager IIs. Thus, Plaintiff has established that the plaintiff class is similarly situated.

Defendant argues that the proposed notice is defective because: (1) it is overly broad because it is not limited to Project Manager IIs; (2) the description of the action favors Plaintiff; and (3) it fails to notify potential class members that, if they opt-in, they will be required to participate in discovery. In her reply in support of her motion, Plaintiff states that she seeks only to notify other employees who are Project Manager IIs. (Reply Supp. Mot. Begin "Opt-In" Notice Members Pl. Class at 2 n.1.)

Defendant also objects to the notice because the proposed notice precludes Defendant from communicating with class members. District courts have discretion to limit communication between parties and class members. *Williams v. Chartwell Fin. Serv. Ltd.*, 204 F.3d 748, 759 (7th Cir. 2000). An order limiting Defendant's communication with class members regarding this action will cause Defendant no harm and generally promote a fair notification procedure.

The Portal-to-Portal Act provides that the statute of limitations for actions under the FLSA is two years, unless the cause of action arises out of a willful violation of the FLSA; in which case, the statute of limitations is three years. 29 U.S.C. § 255(a). Defendant has conceded that it did not pay overtime wages to Project Manager IIs because it classifies that position as "exempt". (Homiston

Aff. ¶ 11.) This concession implies willfulness on the part of the Defendant, which implies that the proper statute of limitations is three years. 29 U.S.C § 255(a).

Therefore, Plaintiff's Motion for an Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b) is granted. As Plaintiff concedes, the proper class is employees who occupy the Project Manager II position who work or worked for Defendant during the past three years and who (1) worked overtime during that period and (2) did not receive time-and-a-half for hours worked in excess of forty hours. Defendant's objections to the form of the order are not meritorious.

## CONCLUSION

For the reasons stated above, Plaintiff Linda Taillon's Motion for an Order Authorizing Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b) is GRANTED.

Defendant is ordered to (1) submit, within fourteen days of the date of this Memorandum Opinion and Order, the names and addresses of all potential class members and (2) refrain from any and all forms of communication with current and prospective class members concerning the merits and issues of their FLSA claims. Counsel for Plaintiff is ordered to amend Plaintiff's proposed Notice to conform to the class that has been defined in this Memorandum Opinion and Order, which shall be sent to all potential class members.

It is further ordered that Defendant's Motion to Strike Portions of Plaintiff's Declaration is DENIED.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: April 25, 2003